NOT DESIGNATED FOR PUBLICATION

No. 128,584

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TEILL REYNOLDS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; CLINTON LEE, judge. Submitted without oral argument. Opinion filed August 1, 2025. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Victoria L. Toothaker*, legal counsel, Kansas Department of Corrections, for appellee.

Before SCHROEDER, P.J., HILL and GARDNER, JJ.

PER CURIAM: Correctional facilities restrict what inmates are allowed to have in their cell. Teill Reynolds, an inmate at Lansing Correctional Facility, timely appeals the district court's summary denial of his K.S.A. 60-1501 petition arising from two disciplinary hearings in which he was found guilty of possessing a cell phone and other contraband without permission. Following our review, we find no error by the district court and affirm.

1

Reynolds is serving multiple life sentences for acts committed in 2011. *State v. Reynolds*, No. 109,674, 2014 WL 6909523, at *4 (Kan. App. 2014) (unpublished opinion). In September 2023, while Reynolds was serving his sentences, Kansas Department of Corrections (KDOC) officers searched Reynolds' four-man prison cell and seized some of Reynolds' property and contraband. Reynolds did not receive a shakedown report reflecting what items were removed from his prison cell. Reynolds submitted a grievance—presumably in disciplinary case No. 1055. Corrections officers responded to Reynolds' grievance, acknowledging Reynolds should have received a shakedown report, but "a shakedown report is not required to write a disciplinary report when contraband is found in a [prison] cell." Reynolds filed a disciplinary appeal to the Secretary of Corrections, asserting corrections officers failed to follow proper procedure by failing to provide a shakedown report noting the property or contraband confiscated. The outcome of the disciplinary appeal in case No. 1055 is not in the record on appeal.

In January 2024, a corrections officer filed another disciplinary report against Reynolds for possessing a cell phone without permission in violation of K.A.R. 44-12-211(b)—disciplinary case No. 2714. The disciplinary report stated a cell phone and MP4 player were found on Reynolds' bunk and were seized. A disciplinary hearing was held in February 2024, in which the reporting officer testified the disciplinary report was the shakedown report for the cell phone and MP4 player. The hearing officer found it was more likely true than not Reynolds violated K.A.R. 44-12-211(b). The day after the disciplinary hearing, a corrections officer filed a shakedown and search report stating nothing was found or seized, but we cannot tell from the record on appeal if this report corresponds with disciplinary case No. 2714.

Reynolds appealed to the Secretary of Corrections, alleging the disciplinary violation in case No. 2714 should be dismissed because corrections officers failed to

follow proper procedure because he was not given a shakedown report of the property and/or contraband seized from his prison cell. The Secretary affirmed the hearing officer's decision, finding "[s]ubstantial compliance with Departmental and Facility Standards and Procedures" and the "[h]earing [o]fficer's decision was based on some evidence."

In March 2024, Reynolds filed a pro se K.S.A. 60-1501 petition, again alleging corrections officers failed to follow proper procedures by failing to provide a report documenting confiscated contraband taken from his prison cell. Reynolds claimed he could not contest the corrections officers' search of his prison cell, confiscation of his property, or the fine assessed against him because he was never given a shakedown report. Reynolds also argued there was no proof the seized items belonged to him because he shared the cell with three other inmates and the officers did not know whose bed belonged to whom. Reynolds claimed the officers were biased at the disciplinary hearing and gave untruthful testimony. Reynolds again complained that corrections officers could not issue a disciplinary report against him without first providing a shakedown report and failure to provide a shakedown report violated his constitutional right to due process.

The district court issued a notice of deficient pleading, explaining the deficiencies in Reynolds' pleading and stating Reynolds had 45 days to correct them. Reynolds did not correct the deficiencies in his pleading in the allotted time, and the district court filed an order of dismissal for failure to prosecute.

Reynolds filed a motion to reconsider the order of dismissal, alleging he had corrected the deficiencies in his pleading, but the filing fee was inadvertently forgotten. The district court granted Reynolds' motion to reconsider and set aside the order of dismissal. The district court again dismissed the case because Reynolds failed to pay the filing fee and failed to show proof he exhausted his administrative remedies. Reynolds

filed another motion to reconsider, asserting he had provided proof he exhausted his administrative remedies three times, and the corrections officers failed to place the filing fee in the mail.

The district court denied Reynolds' second motion to reconsider his K.S.A. 60-1501 petition on multiple grounds. Specifically, the district court denied Reynolds' motion to reconsider disciplinary report No. 1055 for failure to prove he exhausted administrative remedies. The district court acknowledged Reynolds did exhaust his administrative remedies in disciplinary case No. 2714 and considered the merits of that claim. However, it found his claim unpersuasive.

The district court acknowledged, based on KDOC policy and procedure, Reynolds should have been provided a shakedown report as to the property seized from his prison cell. But the district court found the Kansas Administrative Regulations (K.A.R.), not the KDOC Internal Management Policy and Procedure (IMPP), "sets forth the rules and procedure for conducting a disciplinary hearing." The district court found there was some evidence to support Reynolds' disciplinary conviction and any failure to comply with the IMPP did not rise to the level of a due process violation. The district court determined Reynolds was not prejudiced by not having a separate shakedown report, as the disciplinary report the corrections officers filed complied with due process requirements.

ANALYSIS

On appeal, Reynolds largely makes the same argument as in the district court, claiming he was not provided adequate written notice of the disciplinary charges against him. Reynolds essentially argued in his K.S.A. 60-1501 petition that his procedural due process rights were violated with respect to two different disciplinary reports filed against him—disciplinary case Nos. 1055 and 2714. Reynolds was adamant there was a lack of

4

evidence to support the disciplinary reports because he was not provided with shakedown reports showing what items were confiscated from his prison cell.

K.S.A. 60-1501 provides means for a prisoner to challenge the conditions of confinement. *Denney v. Norwood*, 315 Kan. 163, 164, 505 P.3d 730 (2022). To avoid summary dismissal of a K.S.A. 60-1501 petition, the petitioner must allege "'shocking and intolerable conduct or continuing mistreatment of a constitutional stature.'" 315 Kan. at 173. Summary dismissal is proper if it is apparent from the petition and attached exhibits that the petitioner is entitled to no relief. 315 Kan. at 174. Appellate courts exercise de novo review over the district court's summary dismissal of a K.S.A. 60-1501 petition. 315 Kan. at 175.

Here, Reynolds raises an issue of procedural due process. The question of whether a petitioner's due process rights were violated is also a question of law subject to unlimited review. *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005). We must determine whether the State deprived the inmate of life, liberty, or property and, if so, we must determine the extent and nature of the process due. 279 Kan. at 850-51. "[T]he extraction of a fine implicates the Due Process Clause of the Fourteenth Amendment to the United States Constitution even when only a small amount has been taken from an inmate's account." *Washington v. Roberts*, 37 Kan. App. 2d 237, 240, 152 P.3d 660 (2007). Here, Reynolds was fined $20 in disciplinary case No. 2714; therefore, we must determine the extent and nature of the process due. See *Hogue*, 279 Kan. at 850-51.

"[T]here must be 'mutual accommodation between institutional needs and objectives' and the prisoner's rights." 279 Kan. at 851. A prisoner is not entitled to "'the full panoply of rights due a defendant in [criminal] proceedings[.]'" 279 Kan. at 851. The limited rights that a prisoner has in a prison disciplinary proceeding include: "'an impartial hearing, a written notice of the charges to enable inmates to prepare a defense, a written statement of the findings by the factfinders as to the evidence and the reasons for

5

the decision, and the opportunity to call witnesses and present documentary evidence.'" 279 Kan. at 851.

Reynolds repeatedly cited the Illinois Administrative Code in his K.S.A. 60-1501 petition to support his position. On appeal, Reynolds seems to acknowledge his reliance on the Illinois Administrative Code was misplaced. But Reynolds suggests the Illinois Administrative Code is "similar and alike" to the KDOC IMPP. Despite any reliance on the Illinois Administrative Code, Reynolds claims his argument is still valid as the KDOC IMPP is sufficient to establish the corrections officers who searched his cell failed to follow KDOC procedure and any items seized from his prison cell are fruit of the poisonous tree. Reynolds suggests the IMPP form is independent and a prerequisite to the disciplinary procedure set forth in K.A.R. 44-13-101.

K.A.R. 44-13-101(c)(1) explains an inmate "shall be entitled to . . . receive advance written notice of the charge and a fair hearing by an impartial hearing officer." K.A.R. 44-13-401(b) also states, in relevant part: "Each inmate charged with an offense shall be given advance written notice of the time and place of the disciplinary hearing." And IMPP 12-103D VII(A)(II) states: "Any time property is taken from an offender in a search, a Shakedown/Search form (Attachment B) will be completed."

*Reynolds Failed to Provide a Sufficient Record to Support His Claims for Disciplinary Report No. 1055*

The district court denied Reynolds' K.S.A. 60-1501 petition related to disciplinary report No. 1055 for failure to exhaust administrative remedies. See K.S.A. 75-52,138 (inmate must exhaust any administrative remedies established by Secretary of Corrections before filing civil action against State, political subdivision of state, or public official). Reynolds also fails to provide a sufficient record on appeal. See *State v. Liles*, 313 Kan. 772, 783, 490 P.3d 1206 (2021) (party alleging error occurred has burden of

6

designating record that establishes claimed error); *State v. Valladarez*, 288 Kan. 671, 686, 206 P.3d 879 (2009) (without sufficient record, appellate court presumes district court's action was proper); Supreme Court Rule 6.02(a)(4)-(5) (2025 Kan. S. Ct. R. at 36).

The only two documents in the record related to disciplinary report No. 1055 are (1) a disciplinary appeal to the Secretary, alleging KDOC officers failed to provide a shakedown search report of the items confiscated from his prison cell; and (2) an inmate request to staff asking for the disciplinary report to be dismissed because Reynolds was not provided a shakedown report of the property confiscated. The record on appeal does not contain the disciplinary report itself, disciplinary hearing testimony or transcripts, or any final judgment or conviction related to that disciplinary report.

Reynolds fails to meet his burden of designating a sufficient record to establish his claimed error as it relates to disciplinary report No. 1055. See *Liles*, 313 Kan. at 783; Rule 6.02(a)(4)-(5). Based on the insufficient record, it is also unclear if Reynolds exhausted his administrative remedies under K.S.A. 60-1501(b). The district court did not err in denying Reynolds' petition related to disciplinary report No. 1055.

*Reynolds' Due Process Rights Were Not Violated as to Disciplinary Report No. 2714*

The State argues Reynolds prematurely filed his K.S.A. 60-1501 petition, though it is unclear if the State's argument relates to both of Reynolds' appealed disciplinary reports or report No. 1055 only. Reynolds filed his K.S.A. 60-1501 petition in March 2024. The Secretary of Corrections did not file his final decision in Reynolds' appeal related to disciplinary report No. 2714 until April 2024, when he affirmed the decision.

In *Bloom v. Cline*, No. 107,718, 2012 WL 5974031, at *1 (Kan. App. 2012) (unpublished opinion), another panel of this court found the district court correctly dismissed a K.S.A. 60-1501 petition as premature because the petitioner had not

exhausted administrative remedies. "The panel remanded to the district court with directions that the district court remand the matter to the [Kansas Parole] Board for action on Bloom's grievance document." 2012 WL 5974031, at *1. But, here, we already have the Secretary's final disposition affirming its original disposition related to disciplinary report No. 2714. Though Reynolds' K.S.A. 60-1501 petition was initially premature, the record reflects Reynolds exhausted his administrative remedies.

The record also suggests Reynolds was provided adequate written notice of the disciplinary hearing. While Reynolds tries to put significant weight on the IMPP over Kansas Administrative Regulations, the State points out: "As a general rule, prison officials are given flexibility in executing internal prison policies and procedures[.]" *Anderson v. McKune*, 23 Kan. App. 2d 803, 811, 937 P.2d 16 (1997).

Here, the disciplinary report itself does not reflect Reynolds received or was served a copy of the report, but the disciplinary hearing transcript states there were "[n]o witness forms submitted within 48 hours of the receipt of the disciplinary report." This statement suggests Reynolds received the disciplinary report at least 48 hours before the hearing and, in that time, did not file any witness forms. Reynolds, therefore, had at least 48 hours' notice of the disciplinary report before the hearing. And while a corrections officer admitted at the disciplinary hearing that a shakedown report was not provided to Reynolds, the officer testified, "The [disciplinary report] is the shakedown sheet for what [items] we took." Reynolds' due process rights were not violated as he was provided advance written notice of the charge as provided in K.A.R. 44-13-101(c).

Reynolds failed to assert allegations of "'shocking and intolerable conduct or continuing mistreatment of a constitutional stature.'" See *Denney*, 315 Kan. at 173. The district court did not err in summarily dismissing Reynolds' K.S.A. 60-1501 petition.

Affirmed.